# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LIST INDUSTRIES INC.,

    Plaintiff,

v.

LARRY LIST,

    Defendant.

Case No. 2:17-cv-02159-JCM-CWH

**ORDER**

On September 7, 2017 this Court entered an order (ECF No. 12), denying pro se Defendant Larry List's application to proceed *in forma pauperis*. Included in Defendant's application were two exhibits, one entitled "CERTIFICATE OF INCAPACITY AND REGARDING THE NEED FOR GUARDIANSHIP," and another that appears to be a copy of an e-mail Defendant sent to the Court's technical support system. (ECF No. 11).

The certificate of incapacity, dated May 17, 2013 and signed by a Dr. Scott Selco, declares that Defendant suffers, or suffered, from anoxic brain injury, and requires a legal guardian. In the attached e-mail, Defendant states that he has "decided, for multiple various reasons, that it is unhealthy for me to participate" in this case, and that he continues to have "many health problems." Although Defendant does not explicitly claim to be incompetent, and his application to proceed *in forma pauperis* appears to have been drafted by a clear and effective communicator, the exhibits to his application call his competence into question. The Court must therefore consider whether to hold a competency hearing.

**I. DISCUSSION**

Federal Rule of Civil Procedure 17(c)(2) requires the Court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." When a substantial question exists as to a pro se party's competence, the court must

conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed, if needed. *See Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Although the Ninth Circuit has not specified what constitutes a "substantial question," it has ruled that failing to hold a competency hearing when presented with "sufficient evidence of incompetence" is an abuse of discretion. *Allen v. Calderon*, 408 F.3d 1150, 1151-52 (9th Cir. 2005) (finding that sufficient evidence of incompetence existed based on a plaintiff's and another inmate's sworn declarations of the plaintiff's mental illness and inability to understand the court's orders, which were supported by a letter from a prison psychiatrist stating that the plaintiff had been diagnosed with chronic undifferentiated Schizophrenia and was taking two psychotropic medications). Once a Court has determined that a substantial question of incompetence has been raised, it is obligated to make a determination of competence, but it has broad discretion, and "need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected . . ." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

Here, Plaintiff has provided documentary evidence that he was determined to be incompetent in 2013, but does not explicitly claim to be incompetent at this time. The Court finds that the certificate of incapacity raises a substantial question about his current competency, and will hold a hearing on the matter.

**II.     Conclusion**

IT IS ORDERED that a hearing regarding Defendant Larry Lists's competency is set for Monday, October 2, 2017, at 9:00 a.m. in Courtroom 3C, at the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada. Defendant must appear before this Court for the hearing.

IT IS FURTHER ORDERED that Defendant Larry List must provide the Court with any documentary evidence that he has pertaining to his competence no later than September 25, 2017.

DATED: September 11, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge